ROHNER, GEHRIG & CO., INC., ET AL. *v.* UNITED STATES

No. 5328.—Invoices dated Asnieres, France, January 18, 1940, etc.
Entered at New York March 8, 1940, etc.
Entry No. 793832, etc.

(Decided June 20, 1941)

*Puckhafer, Rode & Rode* (*John D. Rode* of counsel) for the plaintiffs.

*Charles D. Lawrence*, Acting Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

OLIVER, Presiding Judge: The appeals to reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between Charles D. Lawrence, Acting Assistant Attorney General, attorney for the defendant, and Puckhafer, Rode & Rode, attorneys for the plaintiffs, subject to the approval of the court, that the merchandise covered by the reappraisements enumerated above and represented by the items marked "A" on the invoices and checked WRS by examiner W. R. Shapiro, consists of bottles similar in all material respects to the merchandise the subject of *United States* v. *Guerlain, Inc.*, decided in C. A. D. 146.

It is further stipulated and agreed that the said merchandise was appraised upon the cost of production under Sec. 402 (f) of the Tariff Act of 1930.

It is further stipulated and agreed that the issue with respect to said merchandise covered by the reappraisements enumerated above is the same as the issue involved in the case of *United States* v. *Guerlain, Inc.*, supra.

It is further stipulated and agreed that:

(a) As to those cases where the appraiser made the advance, the entered value of the merchandise here involved is equal to the cost of materials, fabrication, manipulation or other process employed in manufacturing or producing such merchandise, plus the usual general expenses, plus the cost of all containers, coverings and other costs, charges and expenses incident to placing the merchandise in packed condition ready for shipment to the United States and plus an addition for profit equal to the profit which ordinarily is added to the cost of merchandise of the same character by manufacturers or producers in the country of manufacture who are engaged in the manufacture of merchandise of the same class or kind.

(b) As to those cases where the importer added on entry under duress to meet previous advances made by the appraiser in similar cases, the appraised value of the merchandise here involved, less the addition made by the importer on entry under duress to meet the advances of the appraiser in similar cases, is equal to the cost of materials, fabrication, manipulation or other process employed in manufacturing or producing such merchandise, plus the usual general expenses, plus the cost of all containers, coverings and other costs, charges and expenses incident to placing the merchandise in packed condition ready for shipment to the United States and plus an addition for profit equal to the profit which ordinarily is added to the cost of merchandise of the same character by manufacturers or producers in the country of manufacture who are engaged in the manufacture of merchandise of the same class or kind.

It is further agreed that the reappraisements are limited to the items of merchandise marked by the Examiner as indicated above and initialed by him, and the reappraisements are abandoned as to all other claims.

On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930 to be the proper basis for the determination of the value of the merchandise here involved, and that such values are as follows:

· As to the bottles represented by the items marked A on the invoices and checked WRS by examiner W. R. Shapiro that were advanced in value by the appraiser, the entered values thereof.

As to the bottles represented by the items marked A on the invoices and checked WRS by examiner W. R. Shapiro wherein the importer added on entry under duress to meet previous advances made by the appraiser in similar cases, the appraised values thereof, less the additions made by the importer on entry under duress to meet the advances of the appraiser in similar cases.

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed.

Judgment will be rendered accordingly.